IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:21-cr-172-04

JASON ROBERT OXLEY

MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to Standing Order entered October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See

Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and the addendum to the PSR from the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Finding that the Defendant is ineligible for relief, the Court has not appointed counsel or ordered the parties to submit responses.

On March 14, 2022, Mr. Oxley pled guilty to conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, and felon in possession of a firearm, in violation of 21 U.S.C. § 846, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged against him in Counts One and Seven of the Superseding Indictment filed against him. [ECF Nos. 306, 472]. On July 15, 2022, Mr. Oxley was sentenced to 120 months of imprisonment as to Count One, and 120 months of imprisonment as to Count Seven, to run concurrently, followed by five years of supervised release for Count One and three years of supervised release for Count Seven, to run concurrently. [ECF No. 469].

Mr. Oxley's total offense level was 31. [ECF No. 472, ¶ 71]. At the time of his

2

sentencing, Mr. Oxley had a subtotal of six criminal history points, and two points were added for "status" pursuant to U.S.S.G. § 4A1.1(d), for a total of eight criminal history points and a Criminal History Category of IV. *Id.* ¶¶ 77–79. Based on a total offense level of 31 and a Criminal History Category of IV, Mr. Oxley was subject to a guideline range of 151 to 188 months imprisonment for Count One. Count Seven carries a statutory maximum sentence of ten years.

Following the retroactive amendment to the Guidelines, Mr. Oxley's status points would be eliminated, resulting in a total of six criminal history points and a Criminal History Category of III. Based on a total offense level of 31 and a Criminal History Category of III, Mr. Oxley's amended advisory guideline range would be 135 to 168 months.

Despite the fact that Mr. Oxley's Criminal History Category lowers from IV to III under Amendment 821, he is ineligible for relief under the Amendment. U.S.S.G. § 1B1.10(b)(2)(A) provides that "the court shall not reduce the defendant's term of imprisonment … to a term that is less than the amended guideline range." Mr. Oxley was sentenced to 120 months imprisonment. Because he has already received a sentence less than the amended guideline range of 135 to 168 months, he is not eligible for a further reduction.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on July 15, 2022, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: February 16, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE